

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 30 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ANITA MENDEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 5:04-CV-262-C |
| § | |
| JO ANNE B. BARNHART, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

Plaintiff Anita Mendez seeks judicial review of a decision of the Commissioner of Social Security. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. The Magistrate Judge has considered the arguments of the parties, the record in its entirety, and has applied the applicable law under the substantial evidence standard. Under that standard, the inquiry is whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). The Magistrate Judge has determined that proper legal standards were not used to evaluate the evidence in this case and, therefore, recommends that the District Court remand Mendez's case for further administrative proceedings.

## I.

An Administrative Law Judge (ALJ) determined that Mendez was disabled and entitled to benefits because degenerative joint disease and spinal stenosis prevented her from working. (Tr. 14.) Mendez contests the ALJ's decision only as to his conclusion regarding her onset date of disability.

In his decision, the ALJ determined that Mendez was capable of performing light work with a sit/stand option before March 1, 2002, but that on and after that date, she was unable to perform even sedentary work, which rendered her disabled. (*Id.*) Mendez contends that the ALJ did not provide rationale for reaching his conclusion that she became disabled on March 1, 2002, and that he should have consulted a medical advisor to aid in his determination.

Social Security Ruling 83-20, 1983 WL 31249, defines "onset date of disability" as the first day an individual is disabled. *Id.* at *1. The Ruling advises that determining the onset date is critical because it affects the period of time in which the claimant will be paid benefits; therefore, it is "essential that the onset date be correctly established and supported by the evidence." *Id.* Factors relevant to determining onset date of disability include the claimant's allegation of onset, the date on which the claimant stopped working, and the medical evidence. *Id.* at *2. These three factors are considered together but the medical evidence is the primary factor in the determination. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 361 (5th Cir. 1993).

Mendez alleged that she became disabled on January 1, 2001. (Tr. 67, 77.) Although it is unclear when she stopped working, she indicated that she worked on an intermittent and part-time basis in 2001; the ALJ found that her work during that year was part-time and not substantial gainful activity. (Tr. 12, 28, 84, 103.) In regard to the medical evidence, there is very little evidence in the record regarding the impairments the ALJ found to be disabling. The records do show that Mendez complained of lower back pain in October of 2001 and of pain in her neck as early as September of 1999. (Tr. 298.) On November 11, 1999, a Magnetic Resonance Imaging (MRI) study revealed multilevel degenerative changes, disc space thinning, and diffuse osteophyte formation. (Tr. 143, 145, 150.)

On March 27, 2002, Mendez underwent an examination with State consulting physician, Jaye Cole, M.D. (Tr. 258-62.) Dr. Cole ordered x-rays[1] which revealed degenerative changes with moderate narrowing of the L5-S1 disc space. (Tr. 263.) On March 28, 2002, he read the x-rays and diagnosed degenerative joint disease of the lumbar spine. (Tr. 258-62.)

Reaching his conclusion regarding the onset of disability, the ALJ stated, "[c]ommencing on March 2, 2002[2], I find that the additional impairment of degenerative joint disease of the lumbar spine with moderate narrowing at L5-S1 causing low back pain

---

[1] The record of the x-ray indicates that the test was performed on March 12, 2002, and read on March 27, 2002. (Tr. 263.) This is obviously incorrect. Dr. Cole's examination notes indicate that he examined Mendez on March 27, 2002 (Tr. 258), ordered the x-ray that day (Tr. 261), and dictated his examination notes, which include the result of the x-ray on March 28, 2002. (Tr. 258, 261, 263.)

[2] Although the ALJ states in this portion of his discussion that Mendez's disability began on March 2, 2002, he identifies March 1, 2002, as the onset date in other parts of his discussion and in the "Findings" section of his decision. (Tr. 14-16.)

3

significantly impaired the claimant's ability to perform sustained competitive sedentary work . . ." (Tr. 14.) Ruling 83-20 directs that the ALJ must provide "convincing rationale" for the date selected as the onset date of disability. S.S.R. 83-20, 1983 WL 31249 at *3. This was not done in this case; the ALJ did not provide any rationale that would support his conclusion.

In addition, the ALJ did not consult a medical advisor as he was required to do. Mendez contends that her degenerative disc disease and spinal stenosis are slowly progressive impairments and the Commissioner does not contest this. In the case of slowly progressive impairments, Ruling 83-20 advises that it is sometimes difficult to obtain medical evidence establishing the precise date such impairments became disabling and, therefore, the Commissioner must infer the onset date of disability. *Id.* at *2. Such inferences should be determined from an "informed judgment of the facts in the particular case" and must have a "legitimate medical basis"; therefore, the ALJ should consult with a medical advisor before inferring an onset date. *Id.* at *3.

The Fifth Circuit Court of Appeals has held that in cases "involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the [Commissioner] must infer the onset date, SSR 83-20 requires that [the] inference be based on an informed judgment. The [Commissioner] cannot make such an inference without the assistance of a medical advisor." *Spellman*, 1 F.3d at 362.

In this case, as in *Spellman*, the ALJ chose an arbitrary onset date that appears to be tied to the date the claimant was diagnosed with her impairment. *See id.* at 263. The ALJ

4

determined that Mendez's disability began on March 1, 2002, which is just 27 days before Dr. Cole diagnosed degenerative lumbar disease on March 28, 2002. (Tr. 14, 258-62.) Diagnosis of an impairment is not alone determinative of the date of disability onset. *Spellman*, 1 F.3d at 263 (citations omitted). Inferring a claimant's onset date of disability requires making reasonable presumptions about the course of the condition in view of the nature of the impairment. S.S.R. 83-20, WL 31249 at * 3. As in *Spellman*, the medical evidence is unclear as to when the claimant's impairments first restricted her ability to work. *See* 1 F.3d at 363. Likewise, the ALJ chose an arbitrary date that preceded the State consultative physician's examination and, as in *Spellman*, there is evidence that indicates that the claimant suffered from her impairments before that date. *See id.* Under these circumstances, and in the absence of opinion evidence from a medical advisor, the ALJ's determination of onset date is not based on an informed judgment of the facts. *Id.*

In *Spellman* the court concluded that because the claimant's impairment was of a slowly progressive nature and because the medical evidence was ambiguous as to the onset date, the case would be remanded for the purpose of obtaining the advice of a medical advisor. *Id.* at 263-64. As the court did in *Spellman,* the District Court should remand this case to the Commissioner so that a medical advisor may be consulted to infer from the medical evidence the onset of Mendez's disability.

## II.

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse the Commissioner's decision in

part and remand Mendez's case for further administrative proceedings consistent with the foregoing discussion.

### III.

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: June 30, 2005.

NANCY M. KOENIG
United States Magistrate Judge